# UNITED   STATES   DISTRICT   COURT
## SOUTHERN   DISTRICT   OF   OHIO
### WESTERN   DIVISION

DARRIAN RACHEL,                                      Case No. 1:12-cv-953
      Plaintiff,

                                              Dlott, J.

      vs                                                Wehrman, M.J.

SILVERTON POLICE DEPARTMENT,                        **REPORT AND**
      Defendant.                                    **RECOMMENDATION**


Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.   By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii).   Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against the Silverton Police Department.   In its entirety, the complaint includes the following factual allegations:

> On and about July 20, 2012 a Silverton police office illegally search my book bag. Thats illegal search and seizer (sic).   Did not have a search warrant!

2

(Doc. 1, Complaint p. 3).[1]   For relief, plaintiff seeks damages in the amount of $1,100,000.  *Id.* at 4.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.   Plaintiff's complaint against defendant Silverton Police Department is in reality an official capacity suit against the City of Silverton, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).   *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).   Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Silverton because municipalities and counties are not vicariously liable for the actions of their employees under § 1983.   "It is firmly established that a municipality . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000), citing *Monell*, 436 U.S. at 694.   To state a claim for relief against the City of Silverton for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the [City of Silverton]." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).   *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996).   *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation.   *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the Silverton Police Department

---

[1]  The Court notes that the instant complaint appears to stem from the same incident in *Darrian Rachel v. United Dairy Farmers*, Case No. 1:12-cv-575 (Spiegel, J.; Bowman, M.J.).

acted pursuant to a policy or custom of the City of Silverton in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Silverton Police Department.

Accordingly, in sum, plaintiff's complaint should be dismissed on the ground that it fails to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's complaint (Doc. 1) be **dismissed with prejudice** for failure to state a claim upon which relief may be granted;

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv*., 105 F.3d 274, 277 (6th Cir. 1997).

This, the 28th day of December, 2012.                    s/ J. Gregory Wehrman
                                                         J. Gregory Wehrman
                                                         United States Magistrate Judge

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION

DARRIAN RACHEL,                                   Case No. 1:12-cv-953
      Plaintiff,

                                                Dlott, J.
      vs                                          Wehrman, M.J.

SILVERTON POLICE DEPARTMENT,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).